# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-0998** (Putnam County 12-MAP-17)

**Jason Lee Holbert,**
**Defendant Below, Petitioner**

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason Lee Holbert's appeal, by counsel Michael A. Davenport, arises from the Circuit Court of Putnam County, which sentenced petitioner to confinement in jail for no more than twelve months by order entered on September 6, 2013, following his conviction of domestic battery. The State, by counsel Jennifer Scragg Karr, filed a response in support of the circuit court's order, to which petitioner filed a reply. Petitioner argues that both the circuit court and the magistrate court erred by denying him the right to a trial by jury. Petitioner also asserts that his counsel was ineffective in the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, petitioner was charged with domestic battery against his wife, in violation of West Virginia Code § 61-2-28(a). The investigating officer's criminal complaint indicated that the victim stated that petitioner struck her several times in the head with a closed fist. The officer observed several large knots on the victim's forehead and a large bruise on her left temple. Prior to trial, petitioner's trial counsel filed a motion for a jury trial in magistrate court, but later withdrew the motion. Petitioner was ultimately convicted of domestic battery in a bench trial. Following this conviction, petitioner filed an appeal in circuit court. The circuit court subsequently held a bench trial and convicted petitioner of domestic battery and sentenced petitioner to confinement in jail for no more than twelve months, with credit for two days served. The circuit court suspended the sentence and placed petitioner on probation for two years. This appeal followed.

On appeal, petitioner argues that (1) he was denied his right to a trial by jury in both magistrate court and in circuit court because his withdrawal of the motion for a jury trial in magistrate court was not submitted in writing, and (2) his trial attorney was ineffective.

1

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

Upon our review, we find no error upon which to overturn petitioner's domestic battery conviction. Rule 5(d) of the West Virginia Rules of Criminal Procedure for Magistrate Court provides that if a demand for a jury trial is made, it may not be withdrawn if the prosecuting attorney objects to the withdrawal. Contrary to petitioner's assertion, the rule does not require a written withdrawal of a jury request in order for a bench trial to proceed. Petitioner admits that his trial counsel withdrew the request for a jury trial in magistrate court. Our review of the record does not show that the State objected to this withdrawal. Accordingly, the magistrate court did not improperly proceed to try petitioner's case without a jury.

The Court also finds no error with the circuit court conducting a bench trial upon petitioner's appeal. Pursuant to Rule 20.1(d) of the West Virginia Rules of Criminal Procedure for Magistrate Court and West Virginia Code § 50-5-13(b), a petitioner's appeal of a magistrate court criminal proceeding tried without a jury shall be tried de novo in circuit court without a jury. The record shows that on appeal from magistrate court, the circuit court properly held a de novo bench trial on petitioner's domestic battery charge.

Lastly, petitioner asserts that his trial counsel was ineffective for allowing his case to be tried by the bench in both courts below, and for failing to raise the issue of his jury trial request on appeal to the circuit court. Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial.

> We have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, ["]leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.["] *U.S. v. South,* 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995). Accordingly, we decline to address this issue on appeal. Petitioner's assertions concerning his trial counsel's performance in magistrate court and circuit court would be more appropriately raised in a petition for writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II